# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIVER SURLEY MINA VALENCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-00148-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S SUPERSEDING MOTION TO DISMISS, TERMINATING RESPONDENT'S MOTION TO DISMISS, DENYING AS MOOT PETITIONER'S MOTION FOR RESPONDENT TO PRODUCE FINAL ORDER OF DEPORTATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 10, 17, 20) |

Petitioner Neiver Surley Mina Valencia is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 8, 9.) For the reasons stated herein, the Court grants Respondent's superseding motion to dismiss and dismisses the petition as moot.

## I.

## BACKGROUND

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers or unresolved immigration status to earn First Step Act ("FSA") Time Credits ("FTCs" or "ETCs") and/or apply FTCs. (ECF No. 1.) Respondent initially moved to dismiss the petition, arguing, *inter alia*, that "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of

1

1  removal from another federal court." (ECF No. 10 at 3.)[1] On June 28, 2023, the Court ordered
2  Respondent to file a copy of Petitioner's purported final order of removal. (ECF No. 11.)
3  Respondent was granted multiple extensions of time to comply with the June 28th order. (ECF
4  Nos. 13, 16, 19.) Meanwhile, on August 31, 2023, Petitioner filed a motion for Respondent to
5  produce Petitioner's final order of deportation. (ECF No. 17.)

6       On September 8, 2023, Respondent filed a superseding motion to dismiss because "after
7  interagency cross-checks, Respondent has determined that Petitioner to date has not suffered a
8  final order of removal." (ECF No. 20 at 2.) Respondent argues that the petition should be
9  dismissed because, *inter alia*, Petitioner has been determined eligible for award of FSA FTCs
10 and thus, the petition is moot. (Id. at 3–4.) To date, Petitioner has not filed an opposition or
11 statement of non-opposition to the superseding motion to dismiss, and the time for doing so has
12 passed.

**II.**

**DISCUSSION**

15     The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies."
16 Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy
17 requirement subsists through all stages of federal judicial proceedings," which "means that,
18 throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury
19 traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer
20 v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

21     The record before the Court shows that an FSA Time Credit Assessment was completed
22 for Petitioner on September 4, 2023, and reflects that Petitioner has been awarded 365 days of
23 FTCs toward early transfer to supervised release and has earned an additional 445 days of FTCs
24 that may be applied towards residential reentry placement. (App. 002, 006.)[2] Given that
25 Petitioner has received the remedy he requested in his petition, the undersigned finds that no case

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "App." refers to the Appendix filed by Respondent on September 8, 2023. (ECF No. 20-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

or controversy exists and dismissal is warranted on this ground.[3]

In light of Respondent's submission to the Court that Petitioner has not suffered a final order of removal, (ECF No. 20 at 2), the Court will deny Petitioner's motion for Respondent to produce Petitioner's final order of deportation.

## III.
## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's superseding motion to dismiss (ECF No. 20) is GRANTED;
2. Respondent's motion to dismiss (ECF No. 10) is TERMINATED;
3. Petitioner's motion (ECF No. 17) is DENIED as MOOT;
4. The petition for writ of habeas corpus is DISMISSED as MOOT; and
5. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **November 6, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] As the Court finds that the petition should be dismissed as moot, the Court will not address Respondent's other grounds for dismissal set forth in the superseding motion to dismiss.